### PEOPLE ex. rel. KENNY v. BINGHAM, Police Com'r.

(Supreme Court, Appellate Division, Second Department. June 12, 1908.)

MUNICIPAL CORPORATIONS—POLICE OFFICERS—REMOVAL—EVIDENCE—SUFFICIENCY.

Evidence *held* insufficient to sustain charges that a police lieutenant, having been assigned to desk duty, was absent therefrom, and that he failed to make an entry in the desk blotter of the absence from patrol and presence in the station house of particular sergeants.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, § 503.]

Certiorari by the people, on the relation of Patrick Kenny, to review a determination of Theodore A. Bingham, police commissioner, removing relator from a police lieutenantship. Determination annulled, and relator restored to his position.

Argued before WOODWARD, JENKS, HOOKER, RICH, and MILLER, JJ.

Jacob Rouss (Louis J. Grant, on the brief), for relator.

James D. Bell, for respondent.

WOODWARD, J.  The relator in the matter now before us was charged with disobedience of orders and with neglect of duty.  The specifications as to both charges were the same, as to the first specification, which was that:

"Having been assigned by proper authority to desk duty from 12:01 to 8 a. m., October 15, 1907, the said Lieut. Patrick Kenny was absent from the desk at 5:15 a. m., and when found was in the captain's office lying on a couch with his coat and hat off."

The second charge, that of neglect of duty, had this additional specification:

"Having been assigned by proper authority to desk duty from 12:01 to 8 a. m., October 15, 1907, the said Lieut. Patrick Kenny failed to make an entry in the desk blotter of the absence from patrol and presence in the station house of Sergeants James A. Donohue and Charles McCarthy."

The complainant in this case was Inspector Patrick J. Harkins, and the witness named in the charge was Arthur J. O'Keeffe, first deputy police commissioner, who presided at the trial of these charges and found the relator guilty immediately on the close of the testimony.  The uncontradicted evidence, and that which is entirely reasonable, completely negatives these charges.  The relator pleaded not guilty to both charges.  There was absolutely no evidence that the relator was assigned to desk duty from 12:01 to 8 a. m. on the date in question, or for any other time—a fact absolutely essential to the foundation of the charges.

The only thing that might suggest that the relator was on desk duty at all is his testimony that at 5 minutes before 5 o'clock in the morning of the day in question he rang for the doorman, and asked him to take his place at the desk while he went to the toilet; but this falls short of showing the assignment for the hours mentioned.  Passing over this, the evidence is that the relator called the doorman at 5 minutes before 5 o'clock; that he asked the doorman to take charge while he went to the toilet; that the relator retired to the toilet room off of the captain's office; that he took off his coat and vest and laid them upon a lounge in the captain's office; that he had finished his visit to the toilet, and was in the act of leaning over to pick up his coat and vest from the lounge in the captain's office at 5:15, when the inspector came into the room and found him.  The room appears to have been dark, and there is absolutely no evidence to show that the relator did not tell the exact truth about the matter.  He had been absent from the desk for 20 minutes or less in response to a demand of nature.  He had been within call, and had placed the doorman at the desk for the purpose of calling him, if necessary.  Yet he is found guilty of the charge of being found lying on the couch in the captain's office, with his hat and coat off.

It appears from the undisputed evidence that Sergeant Donohue came in soon after the relator retired to the closet; that he found the doorman there, and asked where the relator was, and was told; that

Donohue was asked by the doorman to take the place at the desk while relator was out, and that Sergeant McCarthy came in before the relator came out from the toilet, so that he had no opportunity of knowing that these sergeants were there, or of making any memorandum about them; and that is all there is to the second specification, the relator being fully corroborated by the doorman and by Sergeant Donohue. There is no rule or regulation in the police department, so far as this record shows, which forbids a man assigned to duty at the desk to respond to a call of nature, having made reasonable provisions for caring for the office during his temporary absence; and it is a little short of a farce to pretend that the relator in this case has ever had a fair trial, or that he has been convicted of the charges made against him. If he is entitled to a trial at all, he is entitled to a trial which is fair and impartial, and the determination must be supported by evidence.

There is no convicting evidence in this case, and the determination should be set aside, and the relator should be restored to his position.

Determination annulled, and relator restored to his position, with $50 costs and disbursements. All concur.